**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ADOLFO GOMEZ-LOPEZ, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | 1:25-cv-1763 (PTG/WEF) |
| | ) | |
| JEFFREY CRAWFORD, *et al.* | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

## ORDER

This matter comes before the Court on Petitioner Adolfo Gomez-Lopez's Petition for a Writ of Habeas Corpus (the "Petition") (Dkt. 1) and Emergency Motion for a Temporary Restraining Order (Dkt. 2). Petitioner is a national and citizen of Guatemala, who has been residing continuously in the United States since 2006. *Id.* ¶ 35. According to the Petition, on October 10, 2025, he was detained by agents with Immigration and Customs Enforcement ("ICE"). *Id.* ¶¶ 36-38. Petitioner is currently detained at the Farmville Detention Center, which is located within this Court's jurisdiction. *Id.* ¶ 39. He has sued Jeffrey Crawford, the Warden of the FDC and others, contending that his detention violates his constitutional rights. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). Dkt. 7. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 7), and Petitioner's Reply (Dkt. 8), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED in part** and **DENIED in part**.

The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under

1

8 U.S.C. § 1225(b)(2). *See* Dkt. 7 at 5-15.    This Court, and others, have repeatedly rejected Respondents' assertion. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-9 (E.D. Va. Sept. 19, 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). Instead, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has continuously resided in the United States for nearly two decades since his entry into the country in 2006.[1] Dkt. 1 ¶ 35. As such, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Finally, the Court finds that Petitioner does not have a cognizable claim for attorney's costs and fees under the EAJA, which is limited to civil actions. Dkt. 1 ¶ 57. The Fourth Circuit made clear in *Obando-Segura v. Garland* that a habeas proceeding is not a "civil action" under the EAJA. 999 F.3d 190, 195 (4th Cir. 2021); *see also Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *3 (E.D. Va. Sept. 29, 2025). Petitioner also concedes this point in his Reply. Dkt. 8 at 17. Accordingly, it is hereby

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part** and **DENIED in part**; it is further

---

[1] Additionally, the Petition alleges that the arresting ICE agent commented on a history related to DUI when taking Petitioner into custody. Dkt. 1 ¶ 38. Concerning the DUI, Petitioner contends "the matter [was] fully resolved in 2019." Respondents have not disputed Petitioner's contention or raised any criminal history of the Petitioner's in or outside of the United States.

2

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order and appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that the request for attorney's costs and fees under the EAJA is **DENIED**; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and it is further

**ORDERED** that Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED as moot.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 24th day of November, 2025
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

/s/

Patricia Tolliver Giles
United States District Judge